**UNITED STATES DISTRICT COURT**　　　　**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| BOBBY REMMERS and JACKIE WOOD, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:09-CV-345 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant United States of America's ("Defendant") Motion to Transfer Venue (#4). Defendant seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a) from the United States District Court for the Eastern District of Texas, Beaumont Division ("Eastern District of Texas"), to the United States District Court for the District of Kansas, Topeka Division ("District of Kansas"). Plaintiffs did not file a response in opposition to the motion. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that a transfer of venue is warranted.

I.　　Background

Plaintiffs Bobby Remmers ("Remmers") and Jackie Wood ("Wood") (collectively, "Plaintiffs") reside in Dayton, Texas, located in Liberty County and within the Eastern District of Texas. Plaintiffs allege that on or about September 7, 2007, Remmers was driving his 1995 Mercury Cougar in Emporia, Kansas, and Wood was riding in the vehicle as a passenger. Plaintiffs assert that as Remmers approached the 2200 block of Industrial Road, a vehicle operated by Gregory Kerns ("Kerns") attempted to cut across five lanes of traffic and subsequently collided with Remmers's vehicle, causing Remmers and Wood to sustain injuries as a result. Plaintiffs

contend that at all times relevant to this action, Kerns was an employee of the United States Department of Agriculture ("USDA") and was acting within the course and scope of his employment.

On April 24, 2009, Plaintiffs commenced the instant action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, alleging negligence on the part of a USDA employee while acting within the course and scope of his official duties and seeking economic and non-economic damages as well as attorneys' fees. On August 10, 2009, Defendant simultaneously filed its answer and a motion to transfer venue to the District of Kansas, asserting that the action should be transferred in the interest of justice and for the convenience of the parties. Plaintiffs failed to respond to the motion.

II.     Analysis

        A.     General Considerations

When the selected venue is proper, a motion to transfer venue from one district or division to another is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *see In re Volkswagen of Am., Inc. (Volkswagen II)*, 545 F.3d 304, 308 n.1 (5th Cir. 2008) (en banc); *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004); *Action Indus., Inc. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003). The purpose of this statute "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

(quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)); *accord DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 593 (N.D. Tex. 2003); *Shoemake v. Union Pac. R.R. Co.*, 233 F. Supp. 2d 828, 829 (E.D. Tex. 2002).

Under § 1404(a), the movant has the burden to show good cause for a change of venue. *Volkswagen II*, 545 F.3d at 315 n.10 (citing *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.), *cert. denied*, 493 U.S. 935 (1989); *Brown v. Petroleum Helicopters, Inc.*, 347 F. Supp. 2d 370, 372 (S.D. Tex. 2004). In order to show good cause, the moving party "must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Volkswagen II*, 545 F.3d at 315 (internal quotations omitted); *see Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 570 (N.D. Tex. 2005); *Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 563 (N.D. Tex. 2003); *DataTreasury Corp.*, 243 F. Supp. 2d at 593; *Shoemake*, 233 F. Supp. 2d at 829. "Therefore, when assessing the merits of a § 1404(a) motion, [the] court must determine if a transfer would make it substantially more convenient for the parties to litigate the case." *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, 928 (E.D. Tex. 1999) (citing *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1165 (S.D. Tex. 1994)). "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Volkswagen II*, 545 F.3d at 315. "When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.*

"There can be no question but that the district courts have 'broad discretion in deciding whether to order a transfer.'" *Volkswagen II*, 545 F.3d at 311 (quoting *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998)); *see Van Dusen*, 376 U.S. at 616; *Volkswagen I*, 371 F.3d at 203; *Casarez v. Burlington N./Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Shoemake*, 233 F. Supp. 2d at 829; *LeDoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 836 (E.D. Tex. 2002). "[T]he trial court must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001) (citing *Radio Santa Fe, Inc. v. Sena*, 687 F. Supp. 284, 287 (E.D. Tex. 1988)); *accord Shoemake*, 233 F. Supp. 2d at 829 (citing *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999)). "The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is the question of whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d at 433; *accord Volkswagen II*, 545 F.3d at 312; *Volkswagen I*, 371 F.3d at 203; *Ramos v. Wal-Mart Stores East, Inc.*, Civ. No. 2:05-CV-478, 2006 WL 20780, at *1 (E.D. Tex. Jan. 4, 2006); *Salinas*, 358 F. Supp. 2d at 570; *Purdy v. Munden*, 356 F. Supp. 2d 658, 659 (E.D. Tex. 2005). "Venue of FTCA cases is governed by the provisions of 28 U.S.C. § 1402, which provides that a 'civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.'" *Cabrales-Huerta v. United States*, No. SA-06-CV-878-WRF, 2007 WL 1512025, at *3 (W.D. Tex. May 18, 2007) (quoting 28 U.S.C. § 1402(b)); *see Smith v. United States*, 507 U.S. 197, 202 (1993); *Holloway v. Gunnell*, 685 F.2d 150, 152-53 (5th Cir. 1982). In the case at bar, the District of Kansas is clearly a district where the action

might have been brought, as the motor vehicle accident giving rise to the lawsuit occurred in Emporia, Kansas.

When the movant meets this threshold requirement, motions to transfer are adjudicated by a district court through "individualized, case-by-case consideration[s] of convenience and fairness." *Van Dusen*, 376 U.S. at 622; *accord Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 522 (5th Cir.), *cert. denied*, 534 U.S. 972 (2001); *Carney v. Ford Motor Co.*, No. Civ. A. 2:05-CV-122, 2005 WL 1993449, at *1 (E.D. Tex. Aug. 17, 2005); *Isbell v. DM Records*, No. Civ. A. 3:02-CV-1408-G, 2004 WL 1243153, at *14 (N.D. Tex. June 4, 2004); *Shoemake*, 233 F. Supp. 2d at 829-30. "In considering a motion to transfer venue, courts weigh factors relating to (1) the litigants' convenience and (2) the public interest in the fair and efficient administration of justice." *Langton v. Cbeyond Commc'n, L.L.C.*, 282 F. Supp. 2d 504, 509 (E.D. Tex. 2003); *see Volkswagen II*, 545 F.3d at 315; *Ramos*, 2006 WL 20780, at *1; *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000).

Private interest factors, which involve the preferences and conveniences of the parties and witnesses, include: "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981))); *see Action Indus., Inc.*, 358 F.3d at 340 n.8 (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 831 (5th Cir. 1986)); *Fujitsu Ltd. v. Tellabs, Inc.*, ____ F. Supp. 2d ____, _____, No. 6:08-CV-22, 2009 WL 2047283, at *1 (E.D. Tex. July 7, 2009); *Eliserio v. Floydada Hous. Auth.*, 388 F. Supp. 2d

774, 776 (S.D. Tex. 2005); *Purdy*, 356 F. Supp. 2d at 659. The United States Court of Appeals for the Fifth Circuit has held that "the convenience of counsel," which previously was considered, "is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *Volkswagen I*, 371 F.3d at 206 (citing *In re Horseshoe Entm't*, 337 F.3d at 434 ("[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue"); *see Carney*, 2005 WL 1993449, at *1; *Shoemake*, 233 F. Supp. 2d at 833-34. Accordingly, the location of Plaintiffs' counsel in Houston, Texas, in the Southern District of Texas, has no bearing on whether this case should remain in this forum.

The public interest factors address broader objectives, such as: "'(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203 (citing *Reyno*, 454 U.S. at 241 n.6)); *see Action Indus., Inc.*, 358 F.3d at 340 n.8 (citing *Syndicate 420 at Lloyd's London*, 796 F.2d at 831); *Fujitsu Ltd.*, 2009 WL 2047283, at *1; *Eliserio*, 388 F. Supp. 2d at 776; *Salinas*, 358 F. Supp. 2d at 570-71; *Purdy*, 356 F. Supp. 2d at 659. "Although [these] factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315; *accord Mediostream, Inc. v. Microsoft Corp.*, No. 2:08-CV-3690, 2009 WL 3161380, at *3 (E.D. Tex. Sept. 30, 2009). Moreover, "'none . . . can be said to be of dispositive weight.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Action Indus., Inc.*, 358 F.3d at 340).

B.      Private Interest Factors

1.      The Relative Ease of Access to Sources of Proof

The first factor focuses on the locations of sources of proof, such as documents and physical evidence. In *Volkswagen II*, the Fifth Circuit explicitly rejected the argument that this factor is obsolete because advances in technology have lessened the burden of exchanging documents. *See Two-Way Media LLC v. AT & T, Inc.*, 636 F. Supp. 2d 527, 532 (S.D. Tex. 2009) (citing *Volkswagen II*, 545 F.3d at 316); *accord Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. 2009). "That access to some sources of proof presents a less inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316; *accord Fujitsu Ltd.*, 2009 WL 2047283, at *4; *Bascom v. Maxim Integrated Prods., Inc.*, 534 F. Supp. 2d 700, 704 (W.D. Tex. 2008). Therefore, "this factor almost invariably turns on which party will most likely have the greater volume of relevant documents and their presumed physical location in relation to the venues under consideration." *Mediostream, Inc.*, 2009 WL 3161380, at *3 (internal citation omitted); *accord Fujitsu Ltd.*, 2009 WL 2047283, at *4; *Acceleron, LLC v. Egenera, Inc.*, 634 F. Supp. 2d 758, 765 (E.D. Tex. 2009).

In this instance, an overwhelming majority of the sources of proof are located in Kansas. The documents and physical evidence relating to the accident are located in Kansas, as is the collision site. Specifically, the Emporia Police investigated the accident and prepared reports pertaining to their observations, and the local hospital where Plaintiffs received medical attention likely maintains records regarding their treatment. In addition, a view of the collision site is available only in Kansas. *See Volkswagen II*, 545 F.3d at 316; *Speed Trac Techs., Inc. v. Estes*

*Express Lines, Inc.*, 567 F. Supp. 2d 799, 804 (M.D.N.C. 2008) (commenting that "photographs and other evidence may not constitute adequate substitutes for a site visit"); *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004); *Keystone Consol. Indus. v. Parker-Hannifin Corp.*, No. 3:96-CV-2112-G, 1997 WL 102474, at *2 (N.D. Tex. Feb. 27, 1997) (citing *First Miss. Corp. v. Thunderbird Energy, Inc.*, 876 F. Supp. 840, 845 (S.D. Miss. 1995) (noting that courts should consider the accessibility of the premises to jury view when deciding a motion to transfer venue)); *see also Gauthier v. Union Pac. R.R. Co.*, No. 1:07-CV-12, 2008 WL 622932, at *5 (E.D. Tex. Mar. 5, 2008). Moreover, Plaintiffs list no sources of proof located in the Eastern District of Texas. Thus, because a vast majority of the evidence is located in the proposed transferee district, the Kansas venue is more convenient than the Eastern District of Texas. Accordingly, this factor weighs in favor of transfer.

        2.        <u>Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

Another factor to be considered is the availability of compulsory process to secure the attendance at trial of unwilling or hostile witnesses. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 511 (1947); *Volkswagen II*, 545 F.3d at 316; *Eliserio*, 388 F. Supp. 2d at 776-77. In this instance, the non-party witnesses located near the site where the collision occurred are outside of the Eastern District's subpoena power for deposition or trial. *See Volkswagen II*, 545 F.3d at 316 (quoting *Volkswagen I*, 371 F.3d at 205 n.4 (citing FED. R. CIV. P. 45(c)(3))); *Eliserio*, 388 F. Supp. 2d at 777. Hence, compulsory process would be available in the District of Kansas, but not in this forum, as to any witnesses who reside in and around the site of the accident in Emporia, Kansas, outside this court's 100-mile subpoena range. Considering the likelihood that most, if not all, of the non-party witnesses are Kansas residents, the ability to compel their personal appearance

is a significant factor. The Supreme Court has indicated a strong preference for live testimony. "Certainly to fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on deposition, is to create a condition not satisfactory to court, jury, or most litigants." *Gilbert*, 330 U.S. at 511. Accordingly, this factor strongly supports a transfer.

### 3. Convenience and Cost of Attendance for Willing Witnesses

The relative convenience of the witnesses is often recognized as the most important factor to be considered when ruling on a motion under § 1404(a). *See Volkswagen II*, 545 F.3d at 316 (citing *Volkswagen I*, 371 F.3d at 203); *Spiegelberg v. Collegiate Licensing Co.*, 402 F. Supp. 2d 786, 790 (S.D. Tex. 2005); *Seabulk Offshore, Ltd. v. Dyn Marine Servs., Inc.*, 201 F. Supp. 2d 751, 755 (S.D. Tex. 2002); *LeDoux*, 218 F. Supp. 2d at 837; *Woolf v. Mary Kay, Inc.*, 176 F. Supp. 2d 642, 650 (N.D. Tex. 2001), *cert. denied*, 544 U.S. 1061 (2005). "In terms of witnesses, venue is considered convenient in the district or division where the majority of witnesses are located." *Shoemake*, 233 F. Supp. 2d at 832 (citing *Robertson,* 42 F. Supp. 2d at 657); *accord Mohamed*, 90 F. Supp. 2d at 775.

In considering the availability and convenience of witnesses, a court must concentrate primarily upon the availability and convenience of key witnesses. *See Shoemake*, 233 F. Supp. 2d at 832; *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 687 (S.D. Tex. 2002); *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999). Indeed, "'[t]he convenience of one key witness may outweigh the convenience of numerous less important witnesses.'" *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 668 (quoting *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998)); *accord Continental Airlines, Inc.*

*v. American Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992); *see also Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993).  Moreover, it is the convenience of non-party witnesses, rather than of party witnesses, that is more important and is accorded greater weight in a transfer of venue analysis.  *See Spiegelberg*, 402 F. Supp. 2d at 790-91; *Shoemake*, 233 F. Supp. 2d at 832 (citing *State St. Capital Corp. v. Dente*, 855 F. Supp. 192, 198 (S.D. Tex. 1994)); *LeDoux*, 218 F. Supp. 2d at 837; *Mohamed*, 90 F. Supp. 2d at 775.  Where the key witnesses are employees of the party seeking a transfer, their convenience is entitled to less weight because the party is able to compel their attendance.  *See Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 573 (E.D. Tex. 2004); *Continental Airlines, Inc.*, 805 F. Supp. at 1397.  Hence, it is "the location of key, non-party witnesses that dominates." *Mohamed*, 90 F. Supp. 2d at 775.

"[W]hether transfer is sought for key party or non-party witnesses, the moving litigant must make more than a general allegation that the key witnesses are inconveniently located." *Id.* (citing *Robertson*, 42 F. Supp. 2d at 657); *accord Eliserio*, 388 F. Supp. 2d at 777 n.2 (citing *Dupre*, 810 F. Supp. at 825).  "Conclusory allegations are not sufficient—the moving party must identify the key witnesses to be called and present a generalized statement of what their testimony would include." *Williams v. Southern Towing Co.*, No. Civ. A. 03-2688, 2004 WL 60314, at *2 (E.D. La. Jan. 8, 2004); *accord Salinas*, 358 F. Supp. 2d at 572; *Z-Tel Commc'ns, Inc.*, 331 F. Supp. 2d at 574; *Holmes v. Energy Catering Servs., L.L.C.*, 270 F. Supp. 2d 882, 887 (S.D. Tex. 2003).  In determining whether a particular venue is more convenient to witnesses, the court should inquire into the nature and quality of the witnesses' potential testimony with regard to the issues in dispute rather than limit its investigation to a review of which party can produce the

longer witness list. *See Isbell*, 2004 WL 1243153, at *14; *Holmes*, 270 F. Supp. 2d at 887; *see also Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 668 (S.D. Tex. 2002); *Aquatic Amusement Assocs. Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990). Courts have "'uniformly refused to let applications for transfer become a battle of numbers.'" *Woolf*, 176 F. Supp. 2d at 650 (quoting *Dupre*, 810 F. Supp. at 826); *accord Fletcher v. Southern Pac. Transp. Co.*, 648 F. Supp. 1400, 1402 (E.D. Tex. 1986).

Here, Defendant asserts that there is one independent eyewitness to the accident, Johnathan VanWinkle, who resides in Emporia, Kansas. Additionally, Kerns, the USDA driver allegedly involved in the accident, resides in Wichita, Kansas, and works in Lawrence, Kansas. Officers L.D. Clay and Tom Watts of the Emporia Police Department investigated the accident and prepared an accident report. Furthermore, the Emporia Lyon Ambulance Company responded to the accident and transported Plaintiffs to the Newman Regional Hospital to receive medical treatment. Plaintiffs provide the only connection to a Texas forum, as they reside in Dayton and received subsequent medical treatment in Texas. Hence, it appears that the vast majority of potential witnesses reside in Emporia or within close proximity.[1]

As the Supreme Court noted in *Volkswagen I*:

When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

---

[1] Due to Plaintiffs' failure to respond, nothing in the record indicates that they intend to call any witnesses who live in the Eastern District of Texas.

371 F.3d at 204-05; *see also Volkswagen II*, 545 F.3d at 317; *Eliserio*, 388 F. Supp. 2d at 777. Hence, the convenience of the witnesses would be served by a transfer of venue. A change of venue to the District of Kansas would reduce the travel expenses for most of the witnesses, as Emporia is located approximately 59 miles from Topeka as opposed to approximately 690 miles from Beaumont. If the case remains in Beaumont, every witness aside from Plaintiffs would be required to travel a significant distance to the courthouse and, in doing so, be forced to incur transportation, lodging, and meal expenses. Because most of the persons who are likely to have pertinent information are located in the District of Kansas, reason dictates that the costs of obtaining the attendance of witnesses and other trial expenses would decrease if this action were transferred to Topeka. *See Spiegelberg*, 402 F. Supp. 2d at 791. In sum, the location of the witnesses militate in favor of a transfer to the Topeka Division of the District of Kansas.

### 4. Other Practical Problems and Considerations

#### a. Place of the Alleged Wrong

While Plaintiffs may contend that it would be more convenient for them to litigate in this forum because they reside within 50 miles of Beaumont, the Eastern District of Texas lacks any significant connection to the underlying dispute. *See Spiegelberg*, 402 F. Supp. 2d at 791; *Hanby*, 144 F. Supp. 2d at 678. The events giving rise to Plaintiffs' claims took place in Emporia in the District of Kansas. The place of the alleged wrong is an important factor in the transfer analysis, and, here, it weighs heavily in favor of transfer. *See Leblanc v. United States*, No. 09-0343, 2009 WL 2356437, at *2 (W.D. La. July 28, 2009) (citing *Spiegelberg*, 402 F. Supp. 2d at 791); *McGinnis*, 181 F. Supp. 2d at 690; *Hanby*, 144 F. Supp. 2d at 678; *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 670; *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex.

12

1997).  It is "incumbent upon the Eastern District Court to consider . . . the site of the accident."

*Volkswagen I*, 371 F.3d at 205.  In this instance, there is no indication that the purported

negligence occurred in whole or in part in the Eastern District of Texas.  *See Hanby*, 144 F. Supp.

2d at 678.  Because the alleged wrong appears to have occurred solely in the District of Kansas,

this factor strongly supports a transfer.

b.  <u>Plaintiff's Choice of Forum</u>

In determining the propriety of a transfer of venue under § 1404(a), the plaintiff's choice

of forum is not accorded the decisive weight it enjoyed under the doctrine of *forum non*

*conveniens*.  *See Reyno*, 454 U.S. at 253-56; *Volkswagen II*, 545 F.3d at 313 n.8; *Radio Santa Fe,*

*Inc.*, 687 F. Supp. at 287.  Today, a plaintiff's choice of forum "is not an independent factor

within the *forum non conveniens* or the § 1404(a) analysis."  *Volkswagen II*, 545 F.3d at 314 n.10.

While not a distinct factor in the transfer of venue analysis, a plaintiff's choice of venue "is

nonetheless taken into account as it places a significant burden on the movant to show good cause

for the transfer."  *Id.*  "This 'good cause' burden reflects the appropriate deference to which the

plaintiff's choice of venue is entitled."  *Id.* at 315; *Coll v. Abaco Operating LLC*, No. 2:08-CV-

245, 2009 WL 3063333, at *5 (E.D. Tex. Sept. 21, 2009).  Thus, this method of analysis

"directly manifests the importance" that must be given the plaintiff's choice.  *Volkswagen II*, 545

F.3d at 314 n.10.  "If the defendant cannot meet this burden, the plaintiff's choice of forum should

be respected."  *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc.*, No. 3:08-CV-1779-L, 2009

WL 918459, at *4 (N.D. Tex. Apr. 3, 2009) (citing *Volkswagen II*, 545 F.3d at 315).  Hence,

"[t]he plaintiff's choice of forum is normally given deference, especially when the forum is the

plaintiff's 'home.'" *Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 670; *accord Spiegelberg*, 402 F. Supp. 2d at 790; *Dearing v. Sigma Chem. Co.*, 1 F. Supp. 2d 660, 665 (S.D. Tex. 1998).

Plaintiff's choice of forum is accorded less deference, however, when most of the operative facts occurred outside the district. *See Volkswagen II*, 545 F.3d at 315-18; *Salinas*, 358 F. Supp. 2d at 571; *accord Spiegelberg*, 402 F. Supp. 2d at 790; *Isbell*, 2004 WL 1243153, at *13; *Shoemake*, 233 F. Supp. 2d at 831; *Hanby*, 144 F. Supp. 2d at 677. When the chosen district has little or no factual nexus to the case, the plaintiff's choice of forum is less significant if other factors weigh in favor of a transfer. *See Volkswagen II*, 545 F.3d at 315-18; *Spiegelberg*, 402 F. Supp. 2d at 790; *Shoemake*, 233 F. Supp. 2d at 830-31; *Conway v. Lenzing Aktiengesellschaft*, 222 F. Supp. 2d 833, 834 (E.D. Tex. 2002); *Hanby*, 144 F. Supp. 2d at 677.

Although Plaintiffs' chosen forum in the Eastern District of Texas may ostensibly be proper, their choice of venue is not controlling in light of the substantial factors that favor a transfer of this case to the District of Kansas. *See Volkswagen II*, 545 F.3d at 315-18; *Horseshoe Entm't*, 337 F.3d at 434; *Spiegelberg*, 402 F. Supp. 2d at 790; *Shoemake*, 233 F. Supp. 2d at 830-31; *Hanby*, 144 F. Supp. 2d at 677. The pleadings in this case and the submissions of the parties reflect that no acts giving rise to Plaintiffs' claims arose in the Eastern District of Texas. Instead, they arose in Emporia, Kansas, where the alleged accident occurred. Furthermore, compulsory process is unavailable in this forum with respect to any of the Kansas-based, third-party witnesses. Under these circumstances, Plaintiffs' chosen forum need not be afforded great deference. *See Volkswagen II*, 545 F.3d at 315-18; *Chapman v. Dell*, No. EP-09-CV-7-KC, 2009 WL 1024635, at *4 (W.D. Tex. Apr. 15, 2009); *General Accident Ins. Co. v. Travelers Corp.*, 666 F. Supp. 1203, 1206 (N.D. Ill. 1987).

c.      Possibility of Delay and Prejudice if Case is Transferred

One practical problem to be considered with regard to a transfer of venue is the possibility of delay because "'[a] prompt trial . . . is not without relevance to the convenience of parties and witnesses and the interest of justice.'" *Dupre*, 810 F. Supp. at 827 (quoting *Fannin v. Jones*, 229 F.2d 368, 369-70 (6th Cir.), *cert. denied*, 351 U.S. 938 (1956)); *accord Houston Trial Reports, Inc.*, 85 F. Supp. 2d at 671-72. In *In re Horseshoe Entertainment*, the Fifth Circuit "recognize[d] that in rare and special circumstances a factor of 'delay' or of 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence." 337 F.3d at 434; *see also Spiegelberg*, 402 F. Supp. 2d at 792; *Shoemake*, 233 F. Supp. 2d at 834-35.

Here, a transfer of venue at the inception of litigation and before a scheduling order has been entered should neither result in a significant delay for resolving Plaintiffs' claims nor prejudice any party. *See Moreno v. Milk Train, Inc.*, 182 F. Supp. 2d 590, 598 (W.D. Tex. 2002); *McGinnis*, 181 F. Supp. 2d at 687; *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1051 (S.D. Tex. 2000). Plaintiffs have provided no evidence that transferring this case to Topeka would result in significant delay or prejudice to the parties. In fact, the management statistics for United States District Courts for the 12-month period ending September 30, 2008, reveal that the case filings per district judge in the Eastern District of Texas totaled 437, while the case filings per judge in the District of Kansas was 365. Additionally, the pending cases per judge in the Eastern District of Texas was 397, while the pending cases per judge in the District of Kansas totaled 336. Therefore, a transfer of venue at this juncture would not necessarily lead to

a delayed disposition. Indeed, these considerations suggest that a transfer of this action to Kansas could be beneficial.

### C. Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

In addition to private interest considerations, the court must also consider public interest factors in determining whether a case should be transferred. *See Gilbert*, 330 U.S. at 508; *Volkswagen II*, 545 F.3d at 315; *Volkswagen I*, 371 F.3d at 203; *Purdy*, 356 F. Supp. 2d at 659. One element to be considered stems from the administrative difficulties that arise when courts become congested with litigation that should have been handled at its place of origin. *See Gilbert*, 330 U.S. at 508; *Langton*, 282 F. Supp. 2d at 511; *Mohamed*, 90 F. Supp. 2d at 766. The efficient administration of the court system is vital to all litigants, as well as the public at large. *See Ferens v. John Deere Co.*, 494 U.S. 516, 529 (1990). As discussed above, the judges in the Eastern District of Texas have a heavier caseload than those in the District of Kansas; thus, transferring this case will relieve congestion in the Eastern District of Texas with regard to a case that has no significant factual nexus to the district and will not further burden the court's judicial resources. *See Rock Bit Int'l, Inc. v. Smith Int'l, Inc.*, 957 F. Supp. 843, 844 (E.D. Tex. 1997). Accordingly, this factor weighs in favor a transfer.

#### 2. Local Interest in Having Localized Interests Decided at Home

Another element to be considered is the local interest in having localized controversies decided at home. *See Gilbert*, 330 U.S. at 509; *Volkswagen II*, 545 F.3d at 317-18; *Volkswagen I*, 371 F.3d at 203; *Spiegelberg*, 402 F. Supp. 2d at 792; *Purdy*, 356 F. Supp. 2d at 659. Again, this public interest factor favors a transfer, as the incident giving rise to this action occurred in the

District of Kansas and a majority of the witnesses to the accident reside and are employed there. Because it is alleged that Plaintiffs sustained injuries as a result of an accident, purportedly caused by a Kansas resident, that occurred in Emporia, Kansas, where the incident was investigated and Plaintiffs received medical treatment, the citizens of Kansas have a far greater interest in determining whether and the extent to which Defendant should be held liable.

Furthermore, it is contrary to the public interest to encumber the citizens of this district with a case that has only a slight connection to, and little impact upon, the local community. *See Volkswagen II*, 545 F.3d at 317-18; *Volkswagen I*, 371 F.3d at 206; *Spiegelberg*, 402 F. Supp. 2d at 792; *Shoemake*, 233 F. Supp. 2d at 835; *Hanby*, 144 F. Supp. 2d at 679. "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gilbert*, 330 U.S. at 508-09; *see Volkswagen I*, 371 F.3d at 206; *Mohamed*, 90 F. Supp. 2d at 766. Accordingly, it is more appropriate to impose the burden of jury duty on citizens of the District of Kansas than on persons residing in the Eastern District of Texas, as the District of Kansas has a strong local interest in this matter, while the Eastern District of Texas has only a minimal interest. *See Spiegelberg*, 402 F. Supp. 2d at 792; *Shoemake*, 233 F. Supp. 2d at 835; *Hanby*, 144 F. Supp. 2d at 679; *see also Gilbert*, 330 U.S. at 508-09; *Volkswagen II*, 545 F.3d at 317-18; *Volkswagen I*, 371 F.3d at 206.

Moreover, a court "possesses a compelling interest in ensuring that individuals who are injured within its district receive prompt and fair compensation for their injuries." *Dupre*, 810 F. Supp. at 827. Because Plaintiffs' alleged injuries were sustained in Emporia, the District of Kansas has a more compelling interest in seeing that Plaintiffs promptly receive any compensation they are due.

Thus, adjudicating this matter in the District of Kansas would unburden a community with no strong local interest, would alleviate the concern of encumbering citizens of an unrelated forum with jury duty, and would allow the court located in the district where Plaintiffs were purportedly harmed to determine whether they receive fair compensation for their injuries. *See Volkswagen I*, 371 F.3d at 206; *Shoemake*, 233 F. Supp. 2d at 835; *Hanby*, 144 F. Supp. 2d at 679; *Robertson*, 42 F. Supp. 2d at 659; *Dupre*, 810 F. Supp. at 827.

3.    Familiarity of the Forum with the Law and Avoidance of Unnecessary Problems of Conflict of Laws

Under Texas conflicts of law analysis, Kansas law would appear to be applicable to this dispute, as Kansas has the most significant relationship to the occurrence and the parties. *See Cates v. Creamer*, 431 F.3d 456, 463-65 (5th Cir. 2005); *In re Air Disaster at Ramstein Air Base*, 81 F.3d 570, 576-77 (5th Cir.), *modified on other grounds*, 88 F.3d 340 (5th Cir.), *cert. denied*, 519 U.S. 1028 (1996); *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413-14 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995); *Minnesota Mining & Mfg. Co. v. Nishika Ltd.*, 953 S.W.2d 733, 735-37 (Tex. 1997); *Duncan v. Cessna Aircraft* Co., 665 S.W.2d 414, 421 (Tex. 1984); *Gutierrez v. Collins*, 583 S.W.2d 312, 318-19 (Tex. 1979). "The question of whether the United States is liable for a 'negligent or wrongful act or omission of the Government' under the FTCA is generally determined 'in accordance with the law of the place where the act or omission occurred.'" *Linn v. United States*, 281 F. App'x 339, 345-46 (5th Cir. 2008) (quoting 28 U.S.C. § 1346(b)(1)); *see Richards v. United States*, 369 U.S. 1, 9-10 (1962); *Solis v. United States*, 275 F. App'x 322, 323 (5th Cir. 2008) (citing *Hatahley v. United States*, 351 U.S. 173, 180 (1956)); *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Thus, Kansas law governs the causes of action alleged by Plaintiffs. Clearly, the District of Kansas would be more familiar with

the nuances of Kansas law than a Texas court.  *See General Accident Ins. Co.*, 666 F. Supp. at 1207; *St. Cyr v. Greyhound Lines, Inc.*, 486 F. Supp. 724, 726 (E.D.N.Y. 1980).  Accordingly, this factor weighs in favor of transfer.  Hence, the public interest factors all favor a transfer of this case to the District of Kansas.

III.    Conclusion

Finally, Plaintiffs have failed to establish that they would be denied a fair trial in the District of Kansas.  In the absence of such a concern, Defendant has met its burden to show good cause for a transfer of venue in that a balance of the relevant factors and circumstances substantially favors a trial in the District of Kansas.  Venue is proper in the District of Kansas because that is where the significant events and the alleged acts and omissions giving rise to Plaintiffs' claims occurred.  *See* 28 U.S.C. § 1402(b).  Accordingly, the court concludes that the convenience of the parties and witnesses, along with the interest of justice, would best be served by transferring this case to the District of Kansas, Topeka Division.  *See*, *e.g.*, *Volkswagen II*, 545 F.3d at 317-18; *Shoemake*, 233 F. Supp. 2d at 836; *Conway*, 222 F. Supp. 2d at 834; *Seabulk Offshore, Ltd.*, 201 F. Supp. 2d at 756.  Therefore, Defendant's motion to transfer venue is GRANTED.

SIGNED at Beaumont, Texas, this 28th day of October, 2009.


_____
                    MARCIA A. CRONE
            UNITED STATES DISTRICT JUDGE